FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
6/10/2021 2:38 PM
AUDREY GARCIA
CLERK OF THE COURT

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF SANDOVAL
STATE OF NEW MEXICO

SARAH MONTOYA o/b/o                                                        CAR
L.M. a minor child

      Plaintiff,

                                 D-1329-CV-2021-00923

vs.                                                                      Judge
                                                                Noel, James A.
RIO RANCHO PUBLIC SCHOOLS
BOARD OF EDUCATION and
GEORGE ARCHULETA in his
individual capacity,

      Defendants.

## COMPLAINT

Plaintiff Sarah Montoya on behalf of her son L.M. a minor child, by and through her

counsel of record, Jason Bowles of Bowles Law Firm, Robert Gorence of Gorence Law Firm and

Todd Bullion of the Law Offices of Todd Bullion, hereby submits her complaint for violations of

L.M.'s State and Federal Constitutional Rights and New Mexico Common Law.  Damages are

sought under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. These causes of action are

brought against George Archuleta in his individual capacity and Rio Rancho Public Schools.

## JURISDICTION AND VENUE

1.      Jurisdiction is proper in New Mexico as all facts giving rise to Plaintiff's claims

occurred in New Mexico and all parties reside in New Mexico.

2.      Venue is proper in this Court pursuant to NMSA 1978 § 41-4-18 and NMSA 1978

§ 38-3-1.

## PARTIES

3.      Plaintiff Sarah Montoya is a resident of the State of New Mexico, Sandoval County.

She is L.M.'s mother and brings suit on L.M.'s behalf.

EXHIBIT
A

4.      L.M. is a minor child and is also a resident of the State of New Mexico, Sandoval County. At all material times he attended V. Sue Cleveland High School.

5.      Defendant Rio Rancho Public Schools is a public school district in the State of New Mexico, Sandoval County. They operate and maintain V. Sue Cleveland High School and employed George Archuleta as a security guard.

6.      Defendant George Archuleta is a resident of the State of New Mexico. His county of residence is not known. At all material times Defendant Archuleta was employed as a security guard at V. Sue Cleveland High School.

## STATEMENT OF FACTS

7.      L.M. is a student at V. Sue Cleveland High School in the Rio Rancho Public School District. The school is located at 4800 Cleveland Heights Rd. NE, Rio Rancho, NM 87144.

8.      On at least 3 different occasions Defendant Archuleta would physically put his hands on L.M. under the pretext of searching him for drugs. During at least one of these searches Defendant Archuleta put both of his hands inside L.M.'s pockets and fondled his genitals through L.M.'s clothing. This fondling occurred sometime between August of 2019 and March of 2020.

9.      All of these pretextual searches including the search in which Defendant Archuleta fondled L.M.'s genitals occurred at V. Sue Cleveland High School during normal school hours during the academic year.

10.     No drugs were ever found on L.M's person during any of these searches.

11.     No specific articulable facts exist that would lead a reasonable person to believe that drugs would be found on L.M.'s person.

12.     At all pertinent times, Mr. Archuleta was an employee or agent of Rio Rancho Schools and acting within the course and scope of his employment with Rio Rancho Public Schools.

13.     Upon information and belief, Archuleta has similarly sexually abused other students at the high school.

14.     Archuleta's employment places him in a position of authority giving him power and control over minor children. His position enables him to seek sexual gratification under the guise of performing his duties as a security guard. His position also enables him to isolate his victims.

15.     At no point in time did Defendant Archuleta possess adequate factual information to legally justify performing a pat search on L.M.

16.     Even if adequate legal justification existed to perform a search of L.M.'s person Defendant Archuleta did not have legal justification to conduct the search by putting both of his hands inside the child's pockets and fondling L.M.'s genitals.

17.     The right of school children to be free from sexual harassment while attending school was clearly established at the time the abuse occurred.

18.     The repeated sexual abuse and fear of retaliation and further abuse has caused L.M. a minor child substantial emotional distress.

19.     Upon information and belief Rio Rancho Public Schools received funds from the federal government at all material times.

**COUNT I:**
**Violation of 42 U.S.C. sec. 1983, Illegal Search and Seizure**
**under the Fourth Amendment**
**Against Defendant Archuleta in his Individual Capacity**

20.     Plaintiff incorporates all other paragraphs in this complaint by reference.

21.    L.M. and Defendant Archuleta are persons for purposes of 42 U.S.C. § 1983.

22.    The 4th and 14th Amendments of the United States Constitution vested Plaintiff with a clearly established right to be free from unreasonable warrantless search and seizure. This right was clearly established for children attending public school.

23.    Defendant Archuleta violated this right by searching L.M. without reasonable suspicion or other legal justification.

24.    Even if legal justification for any search did exist it was patently unreasonable to fondle L.M.'s genitals during a search.

25.    The searches were not motivated by a desire to actually find drugs, Defendant Archuleta searched L.M. precisely because he wanted to touch L.M.'s genitals.

26.    Defendant Archuleta performed each search under color of law carrying out a state function and in supposed furtherance of public school policy and custom.

27.    Defendant Archuleta acted in the role of a law enforcement officer when he performed these searches.

28.    Defendant Archuleta abused a position of authority to sexually abuse and harass L.M., a minor child. His actions were willful, wanton and malicious and warrant an award of punitive damages.

29.    L.M. is entitled to damages, punitive damages, reasonable attorneys' fees, and costs of suit.

## COUNT II:
### Violations of N.M. Tort Claims Act NMSA 1978 § 41-4-12
### Against George Archuleta and Rio Rancho Public Schools Board of Education

30.    Plaintiff incorporates all other paragraphs in this complaint by reference.

31.    Defendant Archuleta was charged with carrying out school policy as part of his employment.

32.     Upon information and belief Defendant Archuleta's job duties included at all material times detecting whether drugs are present on school grounds.  Defendant Archuleta was on information and belief charged with conducting investigative functions and public safety functions which included searching students for drugs.

33.     Defendant Archuleta is a law enforcement officer as defined in NMSA 1978 § 41-4-12.

34.     Defendant Archuleta committed battery on L.M. when he searched him and groped his penis and buttocks.

35.     Defendant Archuleta also seized L.M. in violation of his rights under Article 2 Section 10 of the New Mexican Constitution and in violation of the 4th and 14th Amendments of the United States Constitution.

36.     Defendant Archuleta's conduct caused L.M. personal injury and bodily injury including but not limited to emotional distress.

<u>COUNT III:</u>
**Violation of N.M. Tort Claims Act § 41-4-12**
**Against Rio Rancho Public Schools Board of Education**

37.     Plaintiff incorporates all other paragraphs in this complaint by reference.

38.     The Rio Rancho Public Schools Board of Education was responsible for the hiring, training, supervision and retention of Defendant Archuleta.

39.     Defendant Archuleta was aided in agency by the Rio Rancho Public Schools in preying upon students.

40.     Defendant Rio Rancho Public Schools Board of Education owed a duty to students in their care to adequately supervise their employees.

41.     The negligent supervision of Defendant Archuleta allowed him unfettered and unrestricted access to students to sexually abuse and harass while the students were at school.

42.     The negligent supervision of Defendant Archuleta proximately caused the causes of action complained of in Count II to occur.

43.     Defendant Rio Rancho Public Schools Board of Education is liable for damages to L.M.

**COUNT IV:**
**Violation of N.M. Tort Claims Act § 41-4-6**
**Against George Archuleta and Rio Rancho Public Schools Board of Education**

44.     Plaintiff incorporates all other paragraphs in this complaint by reference.

45.     Defendants operated and maintained V. Sue Cleveland High School, a building located at 4800 Cleveland Heights Rd. NE, Rio Rancho, NM 87144 .

46.     The operation and maintenance of the building included providing security. Defendant Archuleta personally participated in operating the building during his employment as he was employed to provide security.

47.     The operation and maintenance of the building included providing a safe environment for students to receive an education in.

48.     Defendants negligently operated and maintained the building due to Defendant Archuleta's constant harassment of L.M. and other students.

49.     Defendant Archuleta groped L.M. under the guise of searching him for drugs.

50.     Defendant Archuleta posed a risk of danger to either all male students in V. Sue Cleveland High School or all male and female students at V. Sue Cleveland High School.

51.     The security guards at V. Sue Cleveland High School are in a position of authority and it is foreseeable that without safeguards or accountability measures that they may abuse their

authority. Minor children in a school setting are particularly vulnerable to abuse by people in positions of authority. The failure to supervise Defendant Archuleta and the failure to take action against Defendant Archuleta amounts to negligent operation and maintenance of V. Sue Cleveland High School.

52.     The negligent operation and maintenance of the building proximately caused damages to D.M including but not limited to emotional distress.

## JURY DEMAND

53.       Plaintiff demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

Wherefore, Plaintiff requests prays for the following relief:

1. Award compensatory damages in an amount to be determined at trial;

2. Award Plaintiff his attorneys' fees and costs as allowed by the respective statutes his claims are brought under;

3. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been retaliated and discriminated against;

4. Award punitive damages in an amount to be determined at trial on Plaintiff's claims under federal law.

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted

*/s/ Jason Bowles*
Jason Bowles
Bowles Law Firm
4811 Hardware Drive, N.E., Suite D-5
Albuquerque, NM 87109
Telephone: (505) 217-2680
Email: jason@bowles-lawfirm.com

---and---

_/s/ Robert Gorence_
Robert Gorence
300 Central Ave SW, Suite #1000E
Albuquerque, NM 87102
(505) 244-0214
gorence@golaw.us

---and---

_/s/ Todd J. Bullion_
Todd J. Bullion
300 Central Ave SW, Suite #1000E
Albuquerque, NM 87102
Telephone: (505) 452-7674
Email: todd@bullionlaw.com