# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SARAH MONTOYA, on Behalf of L.M.,
a Minor Child,

      **Plaintiff,**

   vs.                                                     Civ. No. 21-648 DHU/JFR

RIO RANCHO PUBLIC SCHOOLS
BOARD OF EDUCATION, and
GEORGE ARCHULETA,

      **Defendants.**

## ORDER SETTING JOINT SETTLEMENT CONFERENCE AND RELATED DATES

In an effort to facilitate a final disposition of this case, and two related cases, a mandatory joint settlement conference will be conducted in accordance with the provisions of the Federal Rules of Civil Procedure 16(a)(5) on **Friday, November 4, 2022**, beginning at **9:00 a.m.** The Court will hold the upcoming settlement conference *via* Zoom.[1] The parties have requested that three related cases participate together in a joint settlement conference. The two additional cases are: *Mondragon v. Rio Rancho Public Schools Board of Education, et al.*, Case No. 1:21-cv-00427 MV/KRS, and *Salazar v. Rio Rancho Public Schools Board of Education, et al.*, Case No. 1:21-cv-00751 KK/JHR. The referral judges in both those cases agree that judicial efficiency is served by setting these three cases together for purposes of conducting a settlement conference. Accordingly, the parties in the additional cases are hereby ordered to file a Joint Notice in each case, including all relevant dates as set forth herein, to establish a record that Judge Robbenhaar has agreed to facilitate Rule 16 settlement negotiations for all three cases.

---

[1] **REMINDER:  Recording or broadcasting of this conference is strictly prohibited.** *See* D.N.M.LR-Civ. 83.1.

The Court has set aside eight (8) hours for this settlement conference. The Court expects the participants to keep their schedules open the entire day of the conference. **Motions to reschedule the settlement conference must be filed <u>no later than Tuesday, October 7, 2022.</u>** Motions to reschedule the settlement conference filed after this date may be considered untimely in the Court's discretion.

All parties must appear in person for the settlement conference. All corporate or governmental entities shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state). *See* D.N.M.LR-Civ. 16.2(c). An excusal request for a required participant must be made in writing seven (7) calendar days before the conference. *See* D.N.M.LR-Civ. 16.2(d).

No later than the date set forth at the end of this Order, Plaintiff(s)' counsel shall serve on Defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff(s) assert will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of any claimed special damages – *i.e.*, damages for pecuniary losses, such as past medical expenses, lost wages, or property damages – that states the exact dollar amount Plaintiff(s) are claiming for each category; and (d) a settlement demand. At the same time, counsel also must provide the Court a copy of this letter.

No later than the date set forth at the end of this Order, Defense counsel shall serve on Plaintiff(s)' counsel a letter that sets forth at least the following information: (a) any points in Plaintiff(s)' letter with which the defense agrees; (b) any points in Plaintiff(s)' letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a

settlement offer.[2]  If a release is contemplated, Defense counsel shall include a proposed form of release with its counteroffer.  If Defendant(s) disagree with the amount of special damages Plaintiff(s) have claimed, Defendant(s)' counteroffer must state the dollar amount Defendant(s) believe to be correct for each category.  For example, if Plaintiff(s) claim $1,000 in past medical expenses, and Defendant(s) believe the correct amount of past medical expenses is $500, Defendant(s)' letter must clearly state that Plaintiff(s)' past medical expenses amount to $500.  It is insufficient to merely say, "Defendant(s) disagree that Plaintiff(s) have $1,000 in past medical expenses."  Defense counsel must provide the Court a copy of this letter when it serves it on Plaintiff(s)' counsel.

      Each of these letters typically should be seven (7) pages or fewer, and counsel must ensure that each participant reads the opposing party's letter before the settlement conference.  If settlement authority for Defendant(s) is provided by a committee, Defendant(s) must ensure that the committee has considered the points raised in Plaintiff(s)' letter in determining final settlement authority.  Those attending the settlement conference and reviewing the letters exchanged must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[3]

      If a dispute about special damages exists, counsel shall (1) meet in person or telephonically before the settlement conference to try to resolve the dispute (an exchange of emails or correspondence is insufficient) and (2) if the dispute cannot be resolved, counsel must bring all documentation supporting his or her position on special damages to the conference.

---

[2] The settlement offer must be definite, meaning that it must state a single amount with no variables.  For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

[3] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

No later than the date set forth at the end of this Order, each party must provide me, in confidence, a concise letter (typically no more than 10 pages) that shall contain a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case; weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; status of settlement negotiations to date; and the names of the individuals who will be attending the conference and in what capacity.  A party's confidential letter must not be a mere restatement of the letter served on opposing counsel.  All matters communicated to me in the confidential letter will be kept confidential and, unless authorized by the party submitting the letter, will not be disclosed to any other party, or to the trial judge.  Furthermore, if any party has in its possession any video or audio recordings of the incident upon which this action is based, that party must send me a copy of the recording at least **ten (10) calendar days** before the conference.

When sending the above-described letters to the Court, the parties may do so by facsimile (505-348-2375) or by electronic mail ([robbenhaarproposedtext@nmd.uscourts.gov](robbenhaarproposedtext@nmd.uscourts.gov)). It is not necessary to send an original if the statement is sent by facsimile or electronic mail.

The Court will conduct a telephonic pre-settlement conference on **Thursday, October 13, 2022, at 9:30 a.m.**  Counsel are to call Judge Robbenhaar's AT&T conference line at **(888) 363-4735, Access Code 2387395,** to connect to the proceedings.  Prior to the pre-settlement conference, counsel are directed to analyze and identify impediments to settlement, confer with their clients and prepare them for the mediation, and assess any additional information or matters that need to be addressed to the Court before the mediation.  Counsel shall instruct their clients, and pro se litigants are so notified that **RECORDING OR BROADCASTING OF ALL COURT PROCEEDINGS IS STRICTLY PROHIBITED.**

D.N.M.LR-Civ. 83.1.  At the pre-settlement conference, counsel should also be prepared to address:  (1) who will attend the settlement conference, and provide a brief statement as to their roles/positions in the case; (2) whether participants will be traveling from out of town to attend the conference; (3) in the case of institutional parties, whether settlement authority will come from pre-settlement committee review and, if so, whether complete and timely information has been obtained and provided to the committee so that appropriate authority will have been granted; and (4) whether any additional documentation is needed concerning special damages claimed.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (e.g. insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact chambers to schedule a status conference to discuss the concern.

**IT IS THEREFORE ORDERED as follows:**

| | |
|---|---|
| **Plaintiffs' letter due to Defendant and the Court:** | Thursday, September 29, 2022 |
| **Defendant's counteroffer letter due to Plaintiff and the Court:** | Thursday, October 6, 2022 |
| **Parties' confidential position statements due to the Court:** | Monday, October 10, 2022 |
| **Telephonic Pre-settlement conference:** | Thursday, October 13, 2022, at 9:30 a.m. |
| **Settlement conference:** | Friday, November 4, 2022, at 9:00 a.m. |

IT IS SO ORDERED.

_____
JOHN F. ROBBENHAAR
United States Magistrate Judge